UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES ELLIS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:17-CV-481 JD ) |
| TERRI J. RETHLAKE, *et. al.*, | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

James Ellis, Jr., a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983 against two St. Joseph County Superior Court employees as a result of his probation being revoked. ECF 1. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, a *pro se* complaint must be liberally construed "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Ellis is an inmate at the St. Joseph County Jail. He filed the present lawsuit stemming from his probation revocation. Ellis alleges that in November 2013, he was sentenced to a three year term of probation and ordered to pay restitution in the amount of $455.81 as a condition of probation. He was informed that the three year term of probation would be reduced to two years if he paid restitution early. Later that year, Ellis paid the full amount of restitution, but Terri J. Rethlake, Clerk of the St. Joseph County Court, failed to notify the sentencing court or the probation office that Ellis had done so. In addition, St. Joseph County Probation Officer Cathryn Chen failed to investigate whether Ellis paid the restitution. Ellis alleges that due to Rethlake's and Chen's failures, the St. Joseph County Superior Court erroneously determined that he had not paid restitution and thus violated the terms of his probation. The court revoked his probation and sentenced him to three years in jail. Ellis sues Rethlake and Chen for money damages. However, Ellis's claims cannot proceed for two reasons.

First, Ellis has not stated a plausible constitutional claim against either defendant. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While Ellis generally complains that Rethlake and Chen did not perform their jobs as expected, he does not identify any specific federal constitutional right that was violated as a result of their actions. Nor do these allegations call to mind the violation of any such right. And, even if they did, at most Ellis alleges the defendants' conduct was

negligent. This is another problem as mere negligence on the part of a government official does not violate the Constitution. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). Thus, as plead, the complaint does not allege any plausible constitutional claim.

Second, to the extent there is a plausible constitutional claim in the complaint, it would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in any event. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87. In other words, a Section 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. Thus, he cannot proceed under Section 1983 until he shows that his probation revocation and resulting incarceration have been invalidated. *See e.g. Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 2001) (recognizing that *Heck* applies to a civil rights suit premised on the invalidity of confinement pursuant to parole revocation).

Here, although Ellis claims that his probation was wrongfully revoked, there is no indication from the complaint that his probation revocation has been vacated or that his resulting incarceration has otherwise been invalidated. Nor is it plausible to arrive at

such a conclusion as Ellis is still incarcerated. Unless and until that occurs, he cannot seek damages for any alleged wrongful incarceration. Because it appears implausible that Ellis's probation revocation or resulting imprisonment has been invalidated, the complaint does not state a claim.

Nevertheless, if his probation revocation and resulting imprisonment have been set aside somehow, he needs to file an amended complaint providing that additional information and addressing the deficiencies noted in this order. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to the plaintiff;

(2) GRANTS the plaintiff until March 15, 2018, to file an amended complaint; and

(3) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed without prejudice.

SO ORDERED on February 21, 2018.

                                          /s/JON E. DEGUILIO
                                          Judge
                                          United States District Court